## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THOMAS A. SIMONIAN,

        Plaintiff,

    v.

CIBA VISION CORPORATION,

        Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant CIBA VISION CORPORATION ("Defendant") as follows:

## I.
## NATURE OF THE CASE

1.    This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2.    As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its CLEAR CARE® branded products with United States Patent Number 4,889,689 ("the '689 Patent) even though the '689 Patent is expired, and has been expired since October 31, 2008.  On information and belief, Defendant marks certain of its CLEAR CARE® branded products with the expired '689 Patent with the intent to deceive the public and to gain a competitive advantage in the market.

3.    Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4.      Plaintiff is a person residing in Geneva, Illinois.

5.      Defendant CIBA VISION CORPORATION, is a Corporation established under the laws of the State of Delaware with its principal place of business at 11460 Johns Creek Parkway, Duluth, Georgia 30097.

6.      Upon information and belief, Defendant is the eye care unit of Novartis AG, one of the world's leading providers of healthcare solutions.

7.      Upon information and belief, Defendant develops and manufactures contact lenses and lens care products.

8.      Defendant markets CLEAR CARE® as "The first lens care solution to provide the power of peroxide in a convenient, one-bottle, no-rub solution – without the added preservatives found in most multi-purpose solutions (MPS). Sensitivities to MPS preservatives can cause lens discomfort. Formulated without MPS preservatives, Clear Care may increase the length of time you can wear your contact lenses comfortably" (see http://www.us.cibavision.com/about/research_and_dev.shtml last visited on Feb 23, 2010)

9.      Defendant further markets CLEAR CARE® as "Clear Care offers the traditional cleaning and disinfecting ability of peroxide, with the convenience of one bottle. A multi-center study showed that the majority of contact lens wearers experience at least some dryness and or discomfort. The study found that switching from an MPS to the peroxide-based solution Clear Care increased comfort for the majority of participants as well as increased the wearing time of lenses for almost half of the participants. Since hydrogen peroxide is its own preservative, Clear Care does not contain the added preservatives found in multi-purpose solutions. Clear Care is neutralized to a sterile, buffered saline and therefore no preservatives enter the eye." (see http://www.us.cibavision.com/faq.shtml last visited on Feb 23, 2010)

2

## III.
## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

12.     This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District.   Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## THE '689 PATENT

13.     The '689 Patent, entitled "Method of Disinfecting a Soft Contact Lens With a Diethylene Triamine Penta (Methylenephosphonic Acid) Stabilized Hydrogen Peroxide Solution," was filed on October 31, 1988, issued on December 26, 1989 and expired on October 31, 2008.  A true and correct copy of the '689 Patent is attached hereto as Exhibit A.

14.     Upon information and belief, the '689 Patent discloses an improved method of disinfecting a soft contact lens.  The background section of the '689 Patent states in relevant parts as follows:

> *"It is thus an object of the present invention to provide a method of disinfecting a soft contact lens with a stabilized aqueous hydrogen peroxide solution having a pH of about 5 to about 7, employing diethylene triamine penta (methylenephosphinic acid) or a physiologically compatable salt thereof, as a stabilizer, such that upon disinfection of such contact lens and decomposition of residual hydrogen peroxide, the resulting solution, absorbed by and adhering to said lens, is physiologically tolerable to the ocular environment"* (col. 2, lines 30 – 39)

## V.
## COUNT I

15.   Plaintiff incorporates paragraphs 1-14 as if fully set forth herein.

16.   Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its CLEAR CARE® branded contact lens cleaning solution.

17.   The '689 Patent expired on October 31, 2008.

18.   Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following product and/or packaging thereof, with the expired '689 patent: CLEAR CARE® contact lens cleaning solution.

19.   CLEAR CARE® is currently sold in a number of different packaging variations. An exemplary packaging marked with the '689 Patent is shown below (next page):

 

Protected by U.S. Patents 4,889,689; 5,558,846; 5,609,264;
5,609,837 and other patents pending.
©2006 CIBA Vision Corporation. Lens Care solution: Made
in Canada. Lens Case: United States
Manufactured for: CIBA Vision Corporation
Duluth, GA 30097   U.S.A.

20.     The instance of false marking shown in paragraph 19 above is representative and not exhaustive.

21.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

22.     Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents.

23.     Upon information and belief, Defendant has an in-house legal department.

24.     Upon information and belief, attorneys in Defendant's in-house legal department are responsible for Defendant's intellectual property and marketing, labeling, and advertising law.

25.     Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

26.     Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the '689 Patent marked on the CLEAR CARE® product has expired.

27.     Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the CLEAR CARE® product is not covered by the expired '689 Patent marked on such products because an expired patent has no prospective patent rights.

28.     Upon information and belief, Defendant has previously accused companies of patent infringement and Defendant has been accused of patent infringement.

29.     As a sophisticated company with, upon information and belief, in-house attorneys who regularly litigate or oversee litigation of patent infringement cases and who regularly prosecute or oversee patent prosecution, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

30.     The false patent markings for the CLEAR CARE® product are found on the product packaging.  (see paragraph 19 above)

31.     Upon information and belief, Defendant intentionally included the expired '689 Patent in the patent markings of the CLEAR CARE® products, in an attempt to prevent competitors from using the same or similar method to clean contact lenses.

32.     Upon information and belief, Defendant marks the CLEAR CARE® products with the expired '689 Patent for the purpose of deceiving the public into believing that

something contained in or embodied in the products is covered by or protected by the expired '689 patent.

33.     Each false marking on the CLEAR CARE® product is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

34.     Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

35.     Upon information and belief, Defendant knows, or reasonably should know, that marking the CLEAR CARE® products with false patent statements was and is illegal under Title 35 United States Code.  At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

36.     Upon information and belief, Defendant's marking of its CLEAR CARE® product with the expired '689 Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

37.     Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described CLEAR CARE® product in the market place.

38.     For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

39.     Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a)     A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b)     An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c)     An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d)     Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury

trial on all issues triable by jury.


Dated: February 23, 2010                              Respectfully submitted,

                                                      _____
                                                      Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissmann
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissmann@emcpc.com
E-mail: meadrot@emcpc.com
E-mail: erynne@emcpc.com